IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS D. MOORE, #S09786** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16−cv−0808−JPG |
| ) | |
| **VENICE POLICE DEPT.,** ) | |
| **NGOMA, and** ) | |
| **SHELLENBERG** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Demetirus D. Moore, an inmate in Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges that on July 5, 2013, he noticed a police officer monitoring his activity on some property he owns in Venice, Illinois. (Doc. 1, p. 6). Plaintiff called the Madison County Courthouse and confirmed that there were no outstanding warrants on him. (Doc. 1, p. 6). Sometime afterwards, Officer Ngoma knocked on his door and asked Plaintiff to step outside. (Doc. 1, p. 6). He asked Plaintiff to come with him down to the Venice Police Department. (Doc. 1, p. 6). Plaintiff asked Ngoma if he had a warrant for his arrest or to search the property. (Doc. 1, p. 6). Ngoma told Plaintiff he did not have a warrant of any type. (Doc. 1, p. 6). He also told Plaintiff he did not know why Plaintiff was wanted at the station. (Doc. 1, p. 6). Plaintiff then asked Ngoma to leave. (Doc. 1, p. 6).

Officer Shellenberg then appeared and told Ngoma to arrest Plaintiff and that they did not need a warrant. (Doc. 1, p. 7). Plaintiff told the officers he would not go with them without one. (Doc. 1, p. 7). Plaintiff attempted to re-enter his house, but the officers stopped him. (Doc. 1, p.

7). Plaintiff then fled. (Doc. 1, p. 7). Shellenberg and Ngoma chased him for two blocks, at which time Shellenberg filed a warning shot at Plaintiff. (Doc. 1, p. 7). Plaintiff stopped and put his hands up. (Doc. 1, p.7). Ngoma then tackled him to the ground, and put his knee into Plaintiff's back. (Doc. 1, p. 7). Shellenberg then came over and put his steel-toed boot in Plaintiff's face, breaking two of his back teeth. (Doc. 1, p. 7). Shellenberg told Plaintiff, "Next time you run from me, I'ma shoot you." (Doc. 1, p. 7). Plaintiff began experiencing difficulty breathing. (Doc. 1, p. 7). Plaintiff requested medical attention, but both officers refused, and put him in the back of a cruiser. (Doc. 1, p. 7). Shellenberg then entered Plaintiff's house without a search warrant to retrieve Plaintiff's keys and cell phone. (Doc. 1, p. 7). Plaintiff did not receive medical attention until July 6, 2013. (Doc. 1, p. 8).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

**Count 1 - Ngoma and Shellenberg violated Plaintiff's Fourth Amendment rights when they arrested him without a warrant;**

**Count 2 - Ngoma and Shellenberg violated Plaintiff's Fourth Amendment rights when they used excessive force during an unlawful arrest;**

**Count 3 - Shellenberg unlawfully searched Plaintiff's house without a warrant in violation of the Fourth Amendment;**

**Count 4 - Ngoma and Shellenberg were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fourth Amendment when they refused to provide him with medical treatment after they used excessive force on him.**

Plaintiff's **Count 1** survives threshold review. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend IV. In order state a claim for unlawful arrest under the Fourth Amendment, the plaintiff must show that he was arrested without probable cause. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). Probable cause exists where, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). In determining whether an officer had probable cause, the standard is whether a reasonable person in the position of the officer would believe that probable cause exists. *Chelios v. Heavener,* 520 F.3d 678, 686 (7th Cir. 2008).

Here Plaintiff has alleged that he determined that he had no outstanding warrants prior to speaking to the officers and that the officers confirmed that they had no warrants. Although Plaintiff's Complaint is silent on the issue of probable cause, he does not include any facts that would tend to establish probable cause. At this stage, as probable cause is a defense, the Court believes it prudent to permit this claim to proceed. Accordingly, the Court will order service on Defendants.

As to **Count 2**, claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a court will consider the facts and

circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest.  *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004).  Based on these standards, and particularly in light of Plaintiff's claims that the arrest itself was unlawful, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time.

Turning to **Count 3**, to prevail on a claim for an unlawful search or seizure under the Fourth Amendment, the standard is reasonableness, not whether the officers conducting the search had a warrant. *Soldal v. Cook County,* 506 U.S. 56, 70 (1992).  Plaintiff has alleged that the officers confirmed that they had no warrants, and at least one of them did not know why Plaintiff needed to be brought down to the station.  At this stage, that is sufficient to put the reasonableness of the search of the house into question, and **Count 3** will be allowed to proceed.

**Count 4** also survives threshold review.  Because Plaintiff is an arrestee, this claim is governed by the Fourth Amendment's reasonableness standard, not the familiar deliberate indifference standard from the Eighth Amendment.  *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).  The Seventh Circuit has recognized four factors that will be used in determining the objective reasonableness of an officer's response to medical needs: (1) whether the Defendant was on notice of the detainee's medical needs; (2) whether the medical need was serious; (3) the requested treatment; and (4) the interests of the jail "including administrative, penological, or investigatory concerns." *Id*. (*citing Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007)).  Plaintiff alleges that Defendants' actions caused him to break two teeth, and that he suffered from breathing difficulties.  He alleged he specifically requested treatment, and that the

Defendants ignored the request.  On these facts, Plaintiff's claim that he told the Defendants about his serious medical needs is plausible, and will be allowed to proceed so that Plaintiff may develop further facts on the requested treatment and the reasonableness of providing that treatment.

Although all four of Plaintiff's claims survive threshold review, Plaintiff has also attempted to name the Venice Police Department itself as a Defendant.  The Eleventh Amendment to the Constitution bars individuals from bringing suit in federal court against a state or its agencies in their own names. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986).  Further, states and their agencies are not "persons" susceptible to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  This includes city police departments.  *U.S. ex rel Lee v. People of State of Ill.*, 343 F.2d 120, 120 (7th Cir. 1965).  *See also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624 (1st Cir. 1971); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441 (N.D. Ill. 1984).  Therefore, the Venice Police Department will be dismissed with prejudice.

**Pending Motions**

Plaintiff currently has three motions pending.  His Motion for Recruitment of Counsel shall be referred to the Magistrate Judge ultimately assigned to this case.  (Doc. 3).  Plaintiff's Motion for Service at Government Expense is unnecessary because Plaintiff has been granted leave to proceed IFP, therefore that Motion will be **DENIED** as **MOOT**.  (Doc. 4).  Finally, Plaintiff has moved for a copy of his statement of claims.  (Doc. 9).  Plaintiff has not tendered to the Court the necessary fee for copies.  As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), [t]he clerk shall collect from the parties such additional fees only as are

prescribed by the Judicial Conference of the United States. The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The Court is under no obligation to furnish free photocopies to indigent litigants. *See Robinson v. Miscellaneous*, No. 09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009) (quoting *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990)) ("Although the plaintiff was granted leave to proceed in the district court as a pauper, that status waives only prepayment of fees and costs and security . . . . It does not give the litigant a right to have documents copied and returned to him at government expense."). Should Plaintiff desire copies of any documents from the court file, he should request the document(s) by number and send the required prepayment. Plaintiff's Motion for Copies is therefore **DENIED**. (Doc. 9).

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-4** against Defendants Ngoma and Shellenberg survive threshold review.

**IT IS HEREBY ORDERED** that the Venice Police Department is not a proper Defendant and so shall be **DISMISSED with prejudice.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Ngoma and Shellenberg: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 13, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**