IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS D. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-808-JPG-DGW |
| ) | |
| OFFICER NGOMA and OFFICER ) | |
| SHELLENBERG, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, Demetrius D. Moore, on July 18, 2016 (Doc. 3) and the Motion for Production of Document filed by Plaintiff on September 20, 2016 (Doc. 13). For the reasons set forth below, the Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he has contacted at least three attorneys in writing and by telephone but that none have agreed to take his case. Even if this Court were to determine that Plaintiff has made a sufficient attempt to acquire counsel without Court intervention, an attorney will not be recruited in this matter at this time. Plaintiff represents that he has some high school education but that he is not well-versed in the law and cannot, therefore, represent himself. Plaintiff's situation is not unique. Plaintiff's pleading demonstrates that he is capable of setting forth his claims and seeking relief. He also has some familiarity with the Federal Rules of Civil Procedure as demonstrated by the Motion for Production of Documents.[1] Plaintiff's claims are related to his arrest on July 5, 2013 and he alleges that he was subjected to excessive force and was not given appropriate medical care. While these claims are factually intensive and will require some discovery, at this stage of the proceedings there is no showing that Plaintiff is incapable of prosecuting this matter without an attorney. If, after Defendants enter an appearance and a Scheduling Order is entered, Plaintiff experiences difficulty in acquiring discovery, he may refile this motion.

Plaintiff's Motion for Production is premature. Defendant's answers are not due until the middle of November if they return waivers of service. Thereafter, the Court will enter a

---

[1] That motion, while being denied, shows that Plaintiff is at least capable of seeking relevant information.

Scheduling Order that will set forth how discovery will commence in this matter. Plaintiff should wait for the Scheduling Order prior to serving discovery requests as much of the information that he may require will be automatically provided. In addition, Plaintiff is informed that he is not required to file with the Clerk of Court discovery requests, but should serve them upon Defendants' attorney (once they enter an appearance and the Scheduling Order is entered).

**DATED: September 20, 2016**

                                                                                                  *Donald Wilkerson*

                                                                                                  **DONALD G. WILKERSON**
                                                                                                  **United States Magistrate Judge**