IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS D. MOORE,<br><br>　　Plaintiff,<br><br>v.<br><br>OFFICER NGOMA and OFFICER SHELLENBERG,<br><br>　　Defendants. | Case No. 3: 16-cv-808-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Default Judgment filed by Plaintiff, Demetrius D. Moore, on February 16, 2017 (Doc. 33), the Motion for Leave to File Motion to Dismiss out of time filed by Defendants, Ngoma and Shellenberg, on February 23, 2017 (Doc. 35), the Motion for Entry of Default filed by Plaintiff on February 23, 2017 (Doc. 37), the Motion to Strike Motion for Leave to File filed by Plaintiff on March 6, 2017 (Doc. 42), the Motion for Appointment of Counsel filed by Plaintiff on March 6, 2017 (Doc. 43), the Motion for Leave to File Amended Complaint filed by Plaintiff on March 6, 2017 (Doc. 44), the Motion To Dismiss filed by Defendants on March 21, 2017 (Doc. 49), and the Motion to Strike filed by Plaintiff on March 28, 2017 (Doc. 53).

For the reasons set forth below, the Motion Default Judgment is **MOOT** and the Motion for Entry of Default is **DENIED** (Docs. 33 and 37), the Motion for Leave to File Motion to Dismiss out of time is **GRANTED** (Doc. 35), the Motion to Strike Motion for Leave to File is **DENIED** (Doc. 42), the Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** (Doc. 43), the Motion for Leave to File Amended Complaint is **DENIED**

**WITHOUT PREJUDICE** (Doc. 44), the Motion to Dismiss is **MOOT** (Doc. 49), and the Motion to Strike is **MOOT** (Doc. 53).

*<u>Motion for Default</u>*

Plaintiff filed a 42 U.S.C. § 1983 complaint on July 18, 2016 alleging that Defendants, police officers employed by Venice Police Department, violated his constitutional rights around July 5, 2013 (Doc. 1). Plaintiff claims that they arrested him without a warrant, used excessive force, failed to provide medical care, and searched him home without a warrant. On September 13, 2016, after screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on the four counts related to his arrest and waivers of service of process were issued by the Clerk of Court the next day (Docs. 10, 11, and 12). The Waivers were due by October 14, 2016 but were not filed (Doc. 25). Therefore, according to the September 13, 2016 Order, formal service would be initiated by the Clerk. In the meantime, Plaintiff had sought default judgment, which was denied (Doc. 25). On December 30, 2016, summonses were issued and on January 19, 2017 they were returned as executed. (Docs. 31 and 32). Responsive pleadings were thus due on February 9, 2017. No responsive pleadings were filed by the deadline and Plaintiff now seeks both default and default judgment (Docs. 33 and 37).

On February 23, 2017, however, Defendants entered an appearance and sought leave to file a motion to dismiss (on statute of limitations grounds) out of time (Doc. 35). Defendants state that they were formerly employed by the City of Venice and that they requested counsel from the City which they reasonably believed would be provided. Counsel, however, was not formally retained until February 21, 2017, two days prior to filing the motion.

When a Defendant fails to plead or defend an action, "and that failure is shown by affidavit or otherwise, the Clerk "must enter the party's default." Fed.R.Civ.P. 55(a). Thereafter, default

judgment must be entered by the Clerk if the Plaintiff's claim is for a sum certain and is shown by affidavit or the Court may enter default judgment upon motion.  The entry of default comes first, default judgment comes second where appropriate.  *See Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004).  Plaintiff sought default judgment prematurely, prior to the entry of default and did not submit the necessary affidavit (Doc. 33).  Therefore, the Motion (for "Judgement [sic] by Default") is **MOOT** as untimely (Doc. 33).  After Defendants appeared, Plaintiff submitted a "Letter to the District Court Circuit Clerk" ostensibly seeking entry of default.  This request of entry of default came too late – Defendants had already entered an appearance, thus "otherwise defend[ing] this action."  The motion also did not contain an affidavit.  This motion is **DENIED** (Doc. 37).

In any event, the Seventh Circuit Court of Appeals "has a well-established policy favoring a trial on the merits over a default judgment."  *Sun v. Board of Trustees of University of IL*, 473 F.3d 799, 811 (7th Cir. 2007).  Plaintiff has not shown any prejudice to permitting Defendants the opportunity to participate in this lawsuit.  Defendants seek to file a motion to dismiss on statute of limitations grounds.  Plaintiff responded on the merits (Doc. 38) and also argues that because Defendants failed to timely plead, their motion should be denied (Doc. 41).  Plaintiff is not completely off-base: generally affirmative defenses (like a statute of limitations defense) must be pled first and then proved up.  However, "if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading."  *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.*, 610 f.3d 382, 383 (7th Cir. 2010).  Therefore, Defendants' Motion for Leave to File Motion to Dismiss out of time **GRANTED** (Doc. 35) and Plaintiff's Motion to Strike is accordingly **DENIED** (Doc. 42).

*Motion to Amend*

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's proposed amended complaint generally complies with Rule 8; however, he has not signed the pleading as required by Federal Rule of Civil Procedure 11(a). *See Boriboune v. Berge*, 391 F.3d 852, 854-855 (7th Cir. 2004). The Motion is accordingly **DENIED WITHOUT PREJUDICE** (Doc. 44).[1] In turn, Defendants' Motion to Dismiss is **MOOT** (Doc. 49), and Plaintiff's Motion to Strike is also **MOOT** (Doc. 53). No amended complaint has been filed; therefore, the motions (Docs. 49 and 53) are premature.

*Motion for Recruitment of Counsel*

Finally, Plaintiff seeks counsel. Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** (Doc. 43). Plaintiff has not used the form that is typically filled out by *pro se* parties seeking counsel. In order to properly evaluate his request, Plaintiff is **DIRECTED** to fill out the form "Motion for Recruitment of Counsel" that is being provided along with this Order and to submit it to the Clerk for filing.

## CONCLUSION

For the foregoing reasons, the Motion Default Judgment is **MOOT** and the Motion for Entry of Default is **DENIED** (Docs. 33 and 37), the Motion for Leave to File Motion to Dismiss out of time is **GRANTED** (Doc. 35), the Motion to Strike Motion for Leave to File is **DENIED** (Doc. 42), the Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** (Doc.

---

[1] Document 48 is an entry by the Court noting the submission of a proposed amended complaint. The entry, however, is not the pleading itself and should not be construed as a filing by a party.

43), the Motion for Leave to File Amended Complaint is **DENIED WITHOUT PREJUDICE** (Doc. 44), the Motion to Dismiss is **MOOT** (Doc. 49), and the Motion to Strike is **MOOT** (Doc. 53).

      The Clerk of Court is **DIRECTED** to send to Plaintiff the form "Motion for Recruitment of Counsel." Plaintiff should fill out the form and submit it for consideration. Defendants shall file their Rule 12(b)(6) Motion to Dismiss by **April 14, 2017**. Plaintiff shall respond within 30 days of service of the Motion. If Plaintiff seeks to amend his complaint, he may refile his motion and submit a proposed amended pleading that is signed in accordance with Rule 11.

**DATED: April 11, 2017**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**