UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS D. MOORE,

    Plaintiff,

v.

VENICE POLICE DEPARTMENT,
OFFICER NGOMA and OFFICER
SHELLENBERG,

    Defendants.

Case No. 16-cv-808-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 66) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant the motion to dismiss filed by defendants Office Ngoma and Office Shellenberg on statute of limitations grounds (Doc. 56) and grant in part and deny in part plaintiff Demetrius D. Moore's motions for leave to file an amended complaint (Doc. 58 & 59). Moore objected to the Report (Doc. 71), the defendants responded to that objection (Doc. 72), and Moore replied to that response (Doc. 73).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This matter stems from the defendants' arrest of Moore on July 5, 2013. Moore complains that the defendants violated his Fourth Amendment rights because they lacked justification for his arrest and the subsequent search of his home, they used excessive force in

making the arrest, and they unreasonably responded to his medical needs created by the use of excessive force. He signed his complaint and placed it into the prison mail system on July 12, 2016, which is deemed the "filing date" under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988).

In the Report, Magistrate Judge Wilkerson found that Moore's causes of action accrued on July 5, 2013, or a few days thereafter, but that Moore filed this July 12, 2016, lawsuit beyond the two-year statute of limitations for lawsuits under 42 U.S.C. § 1983 brought in Illinois. *See* 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007). He found that, under Illinois equitable tolling rules, tolling was not warranted on the grounds that Moore was incarcerated and did not have funds to obtain materials and postage to file a timely lawsuit. He specifically noted that Moore had filed two other lawsuits within the two-year limitations period (No. 3:14-cv-1356-SMY and No. 3:15-cv-3-JPG), the second of which he was able to file even though he had a negative jail trust fund account balance at the time (Doc. 63). Magistrate Judge Wilkerson found this showed Moore chose to spend his resources on another case (or cases) and was not truly prevented from filing a lawsuit because of his indigency.

In his objection, Moore reiterates that he did not possess the funds necessary to obtain writing materials and postage until he was sent to prison and that therefore the statute of limitations should be tolled for that period. He also raises complaints about the substance of the violations he pled in the complaint. The defendants complain that Moore's objections are not specific enough to warrant consideration.

The Court finds Moore's objection is specific enough to consider. A party must raise specific objections to the report and recommendation. Fed. R. Civ. P. 72(b). "[O]bjections need

2

to be specific enough to alert the district court as to what issues are actually in dispute." *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 359 (7th Cir. 2014). However, the party only needs "to specify each issue for which review is sought and not the factual or legal basis of the objection." *Johnson*, 170 F.3d at 741. Here it is clear that Moore is objecting to the finding that equitable tolling does not apply. The Court will consider the objection.

Nevertheless, after a *de novo* review, the Court finds Magistrate Judge Wilkerson was correct in his explanation of why equitable tolling does not apply to render Moore's lawsuit timely. The Court accordingly adopts that portion of the Report in its entirety.

As for the portions of the Report to which no party has objected, the Court finds they are not clearly erroneous and, accordingly, will adopt them as well.

For these reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 66);

- **GRANTS** the defendants' motion to dismiss (Doc. 56);

- **DISMISSES with prejudice** all claims against defendants Ngoma and Shellenberg. Those defendants are terminated from this case;

- **DENIES as moot** Moore's motion for leave to amend (Doc. 58);

- **GRANTS in part** and **DENIES in part** Moore's motion for leave to amend (Doc. 59);

- **DIRECTS** the Clerk of Court to file the "Second Amended Complaint" (which is really the amended complaint) submitted by Moore on April 13, 2017. The only claim in the new pleading that shall proceed is:

    Count 5:   A claim against the City of Venice for unlawful detention at the Madison County Jail for 32 months beginning on July 8, 2013 in violation of the Fourth Amendment;

- **DIRECTS** the Clerk of Court to prepare for Defendant City of Venice: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint and this Memorandum and Order to the Defendant's address as

identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure;

- **ORDERS** the City of Venice to timely file an appropriate responsive pleading to the complaint and to not waive filing a reply pursuant to 42 U.S.C. § 1997e(g); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: October 11, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**