UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS D. MOORE,

    Plaintiff,

v.

OFFICER NGOMA, OFFICER SHELLENBERG
and CITY OF VENICE, ILLINOIS,

    Defendants.

Case No. 16-cv-808-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 98) of Magistrate Judge Donald G. Wilkerson recommending that the Court dismiss this case *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution or, in the alternative, stay this matter pending a Seventh Circuit decision concerning the accrual date of a Fourth Amendment claim for unlawful detention. Magistrate Judge Wilkerson recommends dismissal for lack of prosecution based on plaintiff Demetrius D. Moore's failure to attend a settlement conference he had requested and his failure to respond to an order to show cause for his failure to attend. Alternatively, Magistrate Judge Wilkerson recommends staying this case pending a decision by the Court of Appeals for the Seventh Circuit in *Manuel v. City of Joliet*, No. 14-1581, which may dispose of the only remaining claim in this case. Moore objects to the Report (Docs. 100 & 101), and the defendant City of Venice has responded to that objection (Doc. 103).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are

made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This matter stems from the defendants' arrest of Moore on July 5, 2013, and his subsequent detention in the Madison County Jail ("Jail") from July 8, 2013, until March 2016. Moore complains that the City of Venice violated his Fourth Amendment rights when it unlawfully detained him in the Jail for thirty-two months. Moore signed his amended complaint first raising this claim and placed it into the prison mail system on or around April 13, 2017, which is deemed the "filing date" under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988). At issue in the City's pending motion to dismiss or, in the alternative, motion to stay, (Doc. 84) is whether Moore's cause of action accrued on the date of his arrest or waiver of his preliminary hearing in 2013 or on the date of his release in 2016. If it accrued in 2013, Moore filed his claim outside the two-year statute of limitations for lawsuits under 42 U.S.C. § 1983 brought in Illinois. *See* 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007). If it accrued in 2016, Moore's claim is timely.

In his objection, Moore asks the Court not to dismiss his case for lack of prosecution. He explains that he missed the settlement conference because on June 12, 2018, a week before the conference, his parole officer found he had violated his parole conditions and returned him to the custody of the Illinois Department of Corrections. He also claims he filed a notice to reset the settlement conference and to change his address in the Court files once he arrived at Menard Correctional Center ("Menard"). The Court never received this notice, although Moore has attached a copy of such a notice dated June 14, 2018, indicating it was submitted to Menard

2

officials and scanned on June 22, 2018, for electronic filing.[1]  Apparently, since the Court never received this notice, it sent its June 21, 2018, order to show cause to Moore's old address, and he never received it and therefore did not respond to it.  In these circumstances, dismissal under Rule 41(b) in inappropriate.  It appears Moore diligently tried to keep the Court apprized of his correct address and why he was unable to attend the settlement conference, and he was not delinquent in failing to respond to a show cause order he never received through no fault of his own.  Accordingly, the Court will reject the portion of the Report recommending dismissal for lack of prosecution.

As for Magistrate Judge Wilkerson's alternate recommendation to stay the case pending a decision in *Manuel*, no party objects to such a stay.  The Court has reviewed that recommendation for clear error and finds none.  Accordingly, the Court will adopt that portion of the Report and will stay this case pending the Court of Appeals' forthcoming decision in *Manuel*.  The defendants shall have thirty days from the date of that decision to file another dispositive motion based on the statute of limitations, if appropriate.

The Court further notes that, apart from the miscommunication regarding the settlement conference, both parties appear to remain interested in settling this lawsuit.  The Court encourages the parties to conduct settlement discussions informally between themselves.

Additionally, it appears Moore's parole has been reinstated and that he may no longer be at Menard, but it is not clear from the record.  The Court will order Moore to inform the Court of his correct address within fourteen days of entry of this order and will send this order to both his prior home address and to his address at Menard.

---

[1] Had the Court received and filed the notice, it would have been served on the City by the Court's electronic filing system, thus notifying the City of Moore's address change as well.

For these reasons, the Court hereby:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 98);

- **SUSTAINS** Moore's objection (Docs. 100 & 101);

- **GRANTS in part** and **DENIES in part without prejudice** the City's motion to dismiss or, in the alternative, for a stay (Doc. 84).   The motion is granted to the extent it seeks a stay. The motion is denied without prejudice to the extent it seeks dismissal;

- **STAYS** this case pending a decision from the Seventh Circuit Court of Appeals in the case of *Manuel v. City of Joliet*, No. 14-1581;

- **ORDERS** that the defendant shall have thirty days from entry of the decision in *Manual* to file a dispositive motion seeking dismissal on statute of limitations grounds, if appropriate;

- **ORDERS** Moore to inform the Court of his correct address within fourteen days of entry of this order; and

- **DIRECTS** the Clerk of Court to send a copy of this order to Moore at his Menard address as well as at his prior parole address:   2533 Natalie Street, Apt. 25, East St. Louis, Illinois 62203.

**IT IS SO ORDERED.**
**DATED:   August 17, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**